■ SATURNINA RIVERA, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [647 NYS2d 797] —In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Levine, J.), dated October 28, 1994, which, upon an order of the same court, dated February 1, 1994, denying the plaintiff's motion to restore the case to the trial calendar and granting the cross motion of the defendants to dismiss the complaint, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, as a matter of discretion, with costs, the motion is granted, the cross motion is denied, and the complaint is reinstated.

On May 20, 1992, this case was marked off the trial calendar subject to restoration conditioned upon the plaintiff submitting an affidavit stating that she was physically and mentally ready to proceed, an affidavit of merit, and certain medical authorizations, the latter to be furnished within 30 days. On May 12, 1993, the plaintiff moved to restore the case to the calendar submitting her own affidavit, and an affidavit of merit. Concededly, the medical authorization was not furnished until November 9, 1992, five months after the case was marked off

the calendar. The defendants cross-moved to dismiss the complaint based upon the plaintiff's failure to follow the conditions set by the court when it marked the case off the calendar.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to restore the case to the trial calendar and in granting the defendants' cross motion to dismiss the complaint. "It is well settled that an action should be resolved on the merits wherever possible, and the harsh remedy of the striking of a pleading should not be employed without a showing of a deliberate or willful refusal to disclose" (*Cruzatti v St. Mary's Hosp.,* 193 AD2d 579, 580). In the instant case, it cannot be said that the conduct of the plaintiff was willful, contumacious, deliberate, or in bad faith so as to warrant dismissal of the complaint. Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.